IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT W. WOODS | : | |
| | : | |
| v. | : | Civil No. CCB-04-2898 |
| | : | |
| NISSAN NORTH AMERICA, ET. AL. | : | |

**MEMORANDUM**

Robert Woods initially filed his complaint in the Circuit Court for Baltimore County alleging negligence against Donald Chambers (Count I); breach of contract against Allstate Insurance Company ("Allstate") (Count II); and manufacturer product liability, breach of warranty, and breach of warranty of merchantability against Nissan North America, Inc. ("Nissan") (Counts III, IV, and V). Woods requested attorney's fees with respect to all five counts of his complaint. Within thirty days, Nissan filed a notice of removal to federal court under 28 U.S.C. §§ 1441, 1446, and 1367, arguing that Woods is seeking relief under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*. Chambers and Allstate consented to the removal. Woods subsequently filed a motion to remand the case to the state court based on 28 U.S.C. § 1447. Woods denies that he is seeking relief under the MMWA or that he has alleged any claims under federal law. Having reviewed the parties' briefs, I have concluded that a remand to state court is appropriate because Woods's complaint does not arise under federal law. Accordingly, the plaintiff's motion to remand will be granted.

1

**BACKGROUND**

The present dispute stems from a car accident that occurred on January 7, 2003. (Compl. ¶ 6). Woods was driving a vehicle owned by the Bookers when a vehicle operated by Chambers struck the Booker's car from behind. (Compl. ¶¶ 6-8). The initial collision pushed the Booker's car forward and caused a second collision when the Booker's car hit the car in front of it. (Compl. ¶¶ 9-10). The airbags in the Booker's vehicle did not inflate during the first or second collision. (Compl. ¶ 10). Woods alleges that as a result of this accident, he suffered permanent physical injuries. (Compl. ¶¶ 10, 15-16).

Woods has alleged five counts in his complaint. None explicitly reference any federal law, and a remedy under Maryland state law exists for each of these counts. While Woods requested attorney's fees with respect to all five counts of his complaint, attorney's fees are not recoverable under Maryland law on claims for breach of implied warranty. The MMWA, however, provides for a remedy of attorney's fees on such claims. 15 U.S.C. § 2310(d)(2).

Woods argues that the case should be remanded to state court because it involves only state law claims. (Pl.'s Mot. to Remand at 1). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Woods contends that there are no questions of federal law on the face of the complaint and, therefore, this court does not have subject matter jurisdiction. (Pl.'s Mot. to Remand at 2-3). Furthermore, Woods has agreed to waive any right to attorney's fees arising from counts III, IV, and V upon remand. (*Id*. at 4-5; Ex. 2).

In response, Nissan contends that because there is no provision for attorney's fees under state

law and Woods "is seeking attorney's fees in conjunction with his claim of breach of implied warranty," Woods's claims arise under the MMWA. (Def.'s Opp. to Remand at 3). Nissan argues that even though Woods did not plead a federal claim on the face of his complaint, his cause of action is based on federal law under the doctrine of "artful pleading." (Def.'s Opp. to Remand at 2-4). In addition, Nissan notes that although Woods claims he will waive his requests for attorney's fees, he has not filed a motion to amend his complaint. (Def.'s Opp. to Remand at 7-8).

## ANALYSIS

Because there is no diversity of citizenship alleged, the propriety of removal depends on whether this case falls within the original jurisdiction of the district court under 28 U.S.C. § 1331 as a civil action "arising under" the laws of the United States. 28 U.S.C. §§ 1441(b); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). As the Fourth Circuit has explained:

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily ... look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." If federal law creates a plaintiff's claim, then removal is proper. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint.

*Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (citations omitted). Ordinarily, therefore, the plaintiff as "the master of the claim" may select a state forum by choosing to rely on state law claims only, even if the facts alleged also would support a claim under federal law.

While a district court should be cautious in denying defendants access to a federal forum

because remand orders are generally unreviewable, *see Cheshire v. Coca-Cola Bottling Affiliated, Inc.,* 758 F.Supp. 1098, 1100 (D. S.C. 1990), it is also true that removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Mulcahey,* 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id. See also Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F.Supp. 913, 915 (D. Md. 1997).

Examining Woods's complaint reveals that it does not on its face raise any "issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). The causes of action alleged by Woods all arise under state law.

Recognizing that the complaint does not allege any federal claims on its face, Nissan attempts to characterize Woods's complaint as an example of artful pleading: an attempt to manipulate the complaint to keep the case out of federal court. The artful pleading doctrine is somewhat problematic, *see Semtek*, 988 F.Supp. at 915-16, and has been sparingly applied. It may be "most appropriate in cases where federal law altogether preempts and supplants state law, but plaintiff seeks to avoid the effect of preemption by pleading only state causes of action." *Cheshire,* 758 F.Supp. at 1100. This is not such a case.

To support its argument that Woods's claims fall under the MMWA, Nissan cites an unreported opinion of the Maryland Court of Special Appeals, *Coachmen Indus., Inc. v. Wayne Knight*, No. 1269, slip op. (Md. Ct. Spec. App., March 30, 2000). *Coachmen* involved a breach of

implied warranty of merchantability claim filed in state court, in which the plaintiffs amended their complaint to include a request for attorney's fees but never explicitly mentioned the MMWA in the complaint. *Id*. at 2-3. The defendants argued that the pleadings did not properly state a claim under the MMWA and as a result, attorney's fees were not available. *Id*. at 4. The court held that a party is not required to separately state a claim under the MMWA to receive attorney's fees under the MMWA and that the plaintiffs' pleadings "sufficiently set forth a claim to recover attorney's fees under the MMWA." *Id*. at 10, 15. *Coachmen* is distinguishable from the current situation, however, because the plaintiffs were explicitly seeking to recover attorney's fees under the MMWA. While they did not name the statute, it was significant to the Court of Special Appeals that the amended complaint not only sought attorneys' fees but also specifically pled the facts required under 15 U.S.C. § 2310(e), that the "person obligated under the warranty... is afforded a reasonable opportunity to cure such failure to comply." *Coachmen*, No. 1269, slip op. at 7. *See also Plagens v. National RV Holdings, Inc.*, 328 F.Supp.2d 1068, 1076 (D. Ariz. 2004). No such allegation appears in Woods's complaint. Furthermore, *Coachmen* is distinguishable from the current dispute because Woods has agreed to abandon his request for attorney's fees as to all counts against Nissan.[1]

      Because federal jurisdiction is doubtful in this case, *Mulcahey*, 29 F.3d at 151, remand is appropriate.

---

[1] The language requesting fees is identical in all five counts and appears to be more boilerplate than a considered request.

A separate Order follows.


| _April 29, 2005_ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |

A separate Order follows.


   April 29, 2005                                          /s/
      Date                                         Catherine C. Blake
                                               United States District Judge